UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

BRIAN S. HUFF )
)
v. ) NO. 2:07-CV-231
)
KINGSPORT CITY POLICE DEPT. )
and DAVID COLE, Detective )

## MEMORANDUM and ORDER

Brian S. Huff, then a prisoner in the Sullivan County Detention Center [SCDC], has filed this *pro se* civil rights suit under 42 U.S.C. § 1983. Based on the financial data supplied in plaintiff's affidavit, his application to proceed without prepayment of fees [Doc. 1] is **GRANTED.**

In his complaint, plaintiff makes the allegations which follow. Plaintiff was pulled over while driving his automobile, arrested and patted down. The contents of his pocket were placed on top of his car and he was taken by cruiser to the Kingsport police station. Plaintiff, who was to be transported to the SCDC, was informed by the intake officer at the police station that his wallet, two cell phones, keys, etc., would be at the jail when he arrived.

This information was incorrect. Plaintiff inquired about his belongings, and the booking officer told him to contact the Kingsport Police Department. Plaintiff did so and received no response. Plaintiff's family members also attempted

to retrieve the property, but were told by defendant Detective Cole, "I'll return Brian's things when I am ready." Although defendant Cole returned plaintiff's computer and his car to his family, his cell phones and wallet, which contained a refund check, two pay checks, cash and credit cards, seemingly had vanished. Plaintiff would have his wallet and other property returned to him or his bond lowered or posted by the Kingsport Police Department.

The Court infers from the complaint that plaintiff is alleging a claim for a due process deprivation. Assuming that he is maintaining that he was subjected to an unauthorized, intentional deprivation of his personal property without the procedures due him, he will not state this type of claim unless he pleads and proves that he has no meaningful state post-deprivation remedies available or that such remedies as are available are ineffective to protect his rights. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986); *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir.1983). Tennessee has such a remedy, *see McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201)), and plaintiff has failed to show that it is inadequate.

Finally, even if the Court had authority to grant plaintiff's bond-related requests for relief, which it does not, *see Younger v. Harris*, 401 U.S. 37 (1971),[1]

---

[1] *Younger* holds that federal courts should abstain from entertaining a lawsuit which would interfere with an ongoing state criminal prosecution where

those requests have been mooted by plaintiff's release from confinement. [Doc. 6, Pl's Notice of Change of Address].

Therefore, this lawsuit will be dismissed by separate order for failure to state a claim entitling plaintiff to relief under § 1983.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

those state proceedings implicate important state interests and a plaintiff has an opportunity to raise the claims in that forum.